SUMMERS, Justice
(dissenting).
The sole issue in such a proceeding is whether there is “probable cause to charge” the accused. La.Code Crim.Pro. art. 296. In my view this requirement was satisfactorily established by the testimony of a police officer who investigated the case and identified defendant as the perpetrator of the murder. He testified also that eyewitnesses to the murder positively identified the defendant as the killer. The victim was named, the cause of death was given, the murder weapon was described, the locality of the crime was made known and the fact that defendant demanded money from the victim at the time of the killing was sustained by the officer’s testimony. Some of this testimony was based upon hearsay whereas other parts were based upon facts within the knowledge of the investigating officer who testified.
The hearing was filled with objections by the State’s attorney, but defense counsel did have an opportunity to conduct, and did succeed in conducting, an extensive cross-examination of the State’s only witness covering 43 pages of testimony. It was quite apparent to me, and to the trial judge, that defense counsel sought to use this preliminary hearing as a discovery device, and the cross-examination went far beyond the scope of the direct examination.
This writ is granted on the defense contention that the cross-examination was unduly restricted. There is no basis for such a contention and, therefore, no basis for ordering another hearing in this matter to permit a more extensive cross-examination. The right to a preliminary examination does not permit inquiry beyond a determination of whether there is probable cause to charge the accused. The scope of such an inquiry is far narrower than the proof of guilt at a trial on the merits, and the limitation applies to cross-examination as well as direct examination.
In my view the trial court did not unduly restrict cross-examination; to the contrary, his rulings granted ample latitude to the defense.
I would deny this writ.